UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMEKA B. LAYTON,

       Petitioner,                                         Case Number 18-12610

v.                                                                 Honorable David M. Lawson

SHAWN BREWER,

       Respondent.
_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244

On August 20, 2018, petitioner Shameka B. Layton filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In her petition, Layton challenges her convictions for first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. The grounds raised in the petition are somewhat difficult to discern, but the gravamen of the petitioner's several claims appears to be that the state court lacked jurisdiction to convict her and that her convictions violated the Double Jeopardy Clause. However, the petitioner previously filed a petition under 28 U.S.C. § 2254 that also challenged her 1996 convictions. That petition was denied on the merits by the ruling of the district court in *Layton v. Yukins*, No. 00-72811 (E.D. Mich. July 10, 2000) (adopting report and recommendation), *aff'd* 8 F. App'x 346 (6th Cir. 2001). Because this is the petitioner's second attempt to obtain relief under section 2254, the Court must transfer the petition to the court of appeals so that she may seek permission to file a second or successive petition.

An individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in

the court of appeals the function of screening such second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the matter to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The petitioner cannot proceed with the claims raised in her present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals. The Court therefore will order the Clerk of Court to transfer the motion to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the Clerk of Court shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

It is further **ORDERED** that the petitioner's requests for immediate consideration [2] and for release on personal recognizance [3] are **DENIED** as moot.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date: August 30, 2018

## **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2018.

                                                    s/Susan K. Pinkowski
                                                  SUSAN K. PINKOWSKI